UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ALEXIS L'PRAE BASS,

    Movant,

v.

    Case No. 1:09-CV-910
    (Criminal Case No. 1:06-CR-227-2)

UNITED STATES OF AMERICA,

    HON. GORDON J. QUIST

    Respondent.
_____/

**OPINION**

This Court has before it Alexis L'Prae Bass's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody. The Government has filed a response, and Bass has filed a reply. After reviewing the motion, briefs, and supporting documents, the Court concludes that Bass is not entitled to relief.

**I. PROCEDURAL HISTORY**

On November 17, 2006, Bass pled guilty before a magistrate judge to Count 1 of the Indictment charging him with conspiracy to posses with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A)(iii). This Court accepted the guilty plea on December 6, 2006.

On March 13, 2007, this Court sentenced Bass to 226 months imprisonment and five years of supervised release. The Court concluded that Bass was a career offender under United States Sentencing Guidelines (U.S.S.G.) § 4B1.1(a) based upon three prior state convictions: (1) delivery of less than 50 grams of cocaine; (2) fleeing and eluding, in violation of M.C.L. § 750.479a; and (3) assaulting/resisting/obstructing a police officer, in violation of M.C.L. § 750.479. Subsequently,

the Court granted the Government's motion to reduce sentence pursuant to Fed. R. Crim. P. 35(b) and reduced Bass's sentence to 172 months.

Bass appealed his sentence to the United States Court of Appeals for the Sixth Circuit, which affirmed in an unreported decision issued on April 21, 2008. *See United States v. Bass*, 274 F. App'x 443 (6th Cir. 2008). On appeal, Bass argued that this Court erred in sentencing him as a career offender because his prior fleeing and eluding and assaulting/resisting/obstructing offenses do not qualify as crimes of violence. Because it was undisputed that Bass's drug trafficking offense furnished one of the two required predicate offenses for the career offender enhancement, the Sixth Circuit analyzed the two disputed prior offenses to determine whether either offense constituted a crime of violence under U.S.S.G. § 4B1.2(a). *Id.* at 444-45.

The Sixth Circuit first considered the fleeing and eluding offense under M.C.L. § 750.479a, which provides in relevant part as follows:

> (1) A driver of a motor vehicle who is given by hand, voice, emergency light, or siren a visual or audible signal by a police or conservation officer, acting in the lawful performance of his or her duty, directing the driver to bring his or her motor vehicle to a stop shall not willfully fail to obey that direction by increasing the speed of the vehicle, extinguishing the lights of the vehicle, or otherwise attempting to flee or elude the police or conservation officer. This subsection does not apply unless the police or conservation officer giving the signal is in uniform and the officer's vehicle is identified as an official police or department of natural resources vehicle.
>
> (2) Except as provided in subsection (3), (4), or (5), an individual who violates subsection (1) is guilty of fourth-degree fleeing and eluding, a felony punishable by imprisonment for not more than 2 years or a fine of not more than $2,000.00, or both.
>
> (3) Except as provided in subsection (4) or (5), an individual who violates subsection (1) is guilty of third-degree fleeing and eluding, a felony punishable by imprisonment for not more than 5 years or a fine of not more than $5,000.00, or both, if 1 or more of the following circumstances apply:
>
> (a) The violation results in a collision or accident.
>
> (b) A portion of the violation occurred in an area where the speed limit is 35 miles

an hour or less, whether that speed limit is posted or imposed as a matter of law.

(c) The individual has a prior conviction for fourth-degree fleeing and eluding, attempted fourth-degree fleeing and eluding, or fleeing and eluding under a current or former law of this state prohibiting substantially similar conduct.

The court observed that in prior decisions it had concluded that third-degree fleeing and eluding under subsections (a) and (b) of section (3) were crimes of violence. It noted that in *United States v. Martin*, 378 F.3d 578, 582 (6th Cir. 2004), the defendant had been convicted of third degree fleeing and eluding under subsections (a) and (b). *Martin* held that a conviction under either of those subsections constituted a crime of violence. The court further noted that in *United States v. Foreman*, 436 F.3d 638 (6th Cir. 2006), it had concluded that fourth-degree fleeing and eluding, the third basis for a third-degree fleeing and eluding offense under subsection (c), was not a crime of violence under the categorical approach. *Bass*, 274 F. App'x at 447. The court thus observed that "[o]nly where a conviction is based on subsection (c) must the sentencing court look beyond the statute to permissible sources to determine whether the past conviction was for a crime of violence." *Id.* The problem with Bass's conviction was that the record did not disclose which subsection, (a), (b), or (c), formed the basis for his third degree fleeing and eluding conviction, so it was possible that his conviction could have been based on subsection (c). The court reasoned that under those circumstances, whether a fleeing and eluding conviction qualifies as a crime of violence can be determined only through *Shepard*-qualified documents. However, the only document in the record setting forth the circumstances of Bass's prior conviction was the presentence investigation report, which contained facts from a police incident report – a non-*Shepard*-qualified document. *Id.* at 447-48.

With regard to Bass's conviction for assaulting/resisting/obstructing a police officer, the court of appeals concluded that the offense constituted a categorical crime of violence either because

3

it is "'an[] offense . . . that has as an element the use, attempted use, or threatened use of physical force against the person of another,' or because, at the very least, it 'involves conduct that presents a serious potential risk of physical injury to another.'" *Id.* at 449 (citations omitted). The court rejected Bass's argument that M.C.L. § 750.479 did not categorically proscribe a crime of violence because it was conceivably possible to violate the statute through passive noncompliance with a lawful order. In doing so, the court reasoned that under *James v. United States*, 550 U.S. 192, 127 S. Ct. 1586 (2007), in assessing whether a particular offense is a crime of violence under the categorical approach, a court need only consider whether the offense, in the ordinary run of cases, presents a serious potential risk of injuries and need not consider every conceivable factual offense covered under the statute. *Id.* Therefore, the court concluded that this Court "did not err in finding that the defendant had two prior felony convictions for crimes of violence under section 4B1.1(a)(3) and was subject to sentencing as a career offender under section 4B1.1(b)." *Id.*

Bass did not file a petition for writ of certiorari to the United States Supreme Court seeking review of the court of appeals' decision. On October 2, 2009, Bass filed the instant motion under § 2255. In his § 2255 motion, Bass seeks vacation of his sentence and resentencing without the career offender enhancement based upon the Supreme Court's decision in *Chambers v. United States*, - - U.S. - - , 129 S. Ct. 687 (2009), and the Sixth Circuit's decision in *United States v. Mosley*, 575 F.3d 603 (6th Cir. 2009), which, following *Chambers*, held that a Michigan statute nearly identical to the assaulting/resisting/obstructing statute under which Bass was convicted was not categorically a crime of violence because the statute contained two categories of crimes, one of which (obstructing based on a knowing failure to comply with a lawful command) did not involve a crime of violence. *See id.* at 607-08. In other words, Bass argues that because his assaulting/resisting/obstructing conviction is no longer categorically a crime of violence under

4

*Chambers* and *Mosley*, and because the Sixth Circuit held in his direct appeal that his fleeing and eluding conviction could not be considered a crime of violence under the categorical approach, he does not have two prior convictions for purposes of the career offender enhancement.

## II. BASS'S MOTION IS TIMELY

Pursuant to 28 U.S.C. § 2255(f), motions under § 2255 are subject to a one-year statute of limitations commencing from the latest of various times set forth in § 2255(f)(1)-(4). Bass asserts that his motion is timely based upon subsection (f)(3), which specifies "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." As noted above, Bass seeks relief based upon the Supreme Court's decision in *Chambers*, which was issued on January 13, 2009. Bass filed his motion on October 2, 2009, so it was filed within one year after *Chambers* was decided. Because the Government concedes that *Chambers* established a new substantive rule that is applicable retroactively to cases on collateral review, the Court will assume that Bass's motion was timely filed under 28 U.S.C. § 2255(f)(3).[1]

## III. BASS IS NOT ENTITLED TO RELIEF

Upon initial consideration, Bass's motion would appear to have merit. As the Government concedes, Bass raised the sentencing issue on direct appeal, so his claim is not procedurally defaulted. In addition, as the Government implicitly concedes, *Chambers*, as more fully illuminated by *Mosley*, undercuts the Sixth Circuit's ruling on direct appeal that Bass's prior conviction for

---

[1] The Government cites *United States v. Blue*, No. 09-1108, 2009 WL 2581284 (6th Cir. Aug. 20, 2009), as Sixth Circuit authority for the proposition that *Chambers* established a new substantive rule of criminal law that is retroactively applicable, but *Blue* is actually a decision by the United States District Court for the District of Kansas. The Court is not aware of a decision by the Sixth Circuit addressing the retroactivity of *Chambers*, although it notes that the Seventh and Tenth Circuits have held that *Chambers* is to be applied retroactively on collateral review. *See Welch v. United States*, 604 F.3d 408, 414-15 (7th Cir. 2010), *United States v. Shipp*, 589 F.3d 1084, 1088-91 (10th Cir. 2009). Although the Court finds the reasoning in these cases persuasive, it need not decide the issue because, as discussed below, even if Bass's motion was timely he is not entitled to relief on the merits.

5

assaulting/resisting/obstructing a police officer is a qualifying prior conviction for the career offender enhancement. Finally, although the Government argues that Bass has failed to carry his burden of showing entitlement to relief because *Mosley* does not preclude a showing through *Shepard*-qualified documents that a conviction under the assaulting/resisting/obstructing statute was a crime of violence, Bass attached to his reply brief an affidavit stating that his prior conviction was based solely upon his failure to obey a police officer's lawful command.

In spite of the foregoing, Bass's claim fails because subsequent to the Sixth Circuit's decision affirming Bass's sentence, the Sixth Circuit decided *United States v. Young*, 580 F.3d 373 (6th Cir. 2009). *Young* holds that an ordinary violation of the fleeing and eluding statute (fourth degree) is categorically a crime of violence. In other words, the Sixth Circuit now considers all three subsections of the third-degree fleeing and eluding offense, (a), (b), and (c), to be categorically crimes of violence. *Young* thus abrogates *Foreman*, *supra*, which the Sixth Circuit cited in concluding that Bass's fleeing and eluding conviction was not categorically a crime of violence. Even if this Court were to conclude that Bass's prior conviction for assaulting/resisting/obstructing is not a crime of violence, Bass's fleeing and eluding conviction would be a crime of violence under *Young*, and Bass would still have two qualifying offenses for the career offender enhancement. *Cf. United States v. Bryant*, 246 F.3d 650, 654 (6th Cir. 2001) ("When a district court orders a resentencing the court has the power to determine the appropriate scope of the resentencing."). Therefore, Bass has failed to show that he is entitled to a different sentence.

### IV. NO CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Bass has demonstrated a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has

6

disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has considered Bass's claim under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The Court finds that reasonable jurists could not find that this Court's dismissal of Bass's claim was debatable or wrong. Therefore, the Court will deny Bass a certificate of appealability.

## V. Conclusion

For these reasons, Bass's § 2255 Motion (docket no. 1) will be dismissed. In addition, the Court will deny Bass a certificate of appealability because he has failed to make a "substantial showing of a denial of a constitutional right."

A separate order will issue.

Dated: July 9, 2010                                            /s/ Gordon J. Quist
                                                                              GORDON J. QUIST
                                             UNITED STATES DISTRICT JUDGE